**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION and BNY MELLON, NATIONAL ASSOCIATION,<br><br>          Defendants. | Case No. 3:25-cv-00631-L-BT |

**DEFENDANTS THE BANK OF NEW YORK MELLON CORPORATION AND
BNY MELLON NATIONAL ASSOCIATION'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND..................................................................................1

III. LEGAL STANDARDS ...........................................................................................3

IV. ARGUMENT...........................................................................................................4

    A. IV Does Not Sufficiently Identify the Accused Products.........................5

    B. IV Fails to Plead Facts That Plausibly Show Direct Infringement. .........6

    C. IV Fails to Sufficiently Plead Indirect Infringement and Willful
       Infringement...............................................................................................8

V. CONCLUSION........................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*,
  501 F.3d 1307 (Fed. Cir. 2007)..................................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................3, 4, 5, 7

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................8

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
  No. 4:19-cv-5784, 2020 WL 7392909 (N.D. Cal. Jul. 23, 2020) ..............................................6

*DDC Tech., LLC v. Google LLC*,
  No. 3:22-cv-1263-B, 2023 WL 2518846 (N.D. Tex. Mar. 14, 2023).......................................7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018)...........................................................................................3, 5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004)..................................................................................................8

*Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*,
  No. 3:15-cv-1058, 2016 WL 903681 (S.D. Cal. Feb. 8, 2016).................................................5

*In re Great Lakes Dredge & Dock Co. LLC*,
  624 F.3d 201 (5th Cir. 2010) .....................................................................................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016)......................................................................................................................9

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) .....................................................................................................4

*Lemko Corp. v. Microsoft Corp.*,
  No. 3:22-cv-363-L, 2023 WL 11944548 (N.D. Tex. Sept. 28, 2023) ......................................9

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
  No. 3:18-cv-1074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ...........................................6

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) .....................................................................................................4

*Papasan v. Allain*,
   478 U.S. 265 (1986) .................................................................................................... 4

*Parus Holdings, Inc. v. Microsoft Corp.*,
   No. 6:21-cv-570, 2022 WL 17420391 (W.D. Tex. Dec. 4, 2022) ............................... 7

*Prism Techs., LLC v. AT&T Mobility, LLC*,
   No. 8:12-cv-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) .................................... 5

*Smith v. Buffalo Wild Wings*,
   No. 3:20-cv-2875-D, 2021 WL 4265849 (N.D. Tex. Sept. 20, 2021) ........................ 4

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
   No. 5:19-cv-243-H, 2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) .......................... 5

*Spivey v. Robertson*,
   197 F.3d 772 (5th Cir. 1999) ...................................................................................... 4

*T-Rex Prop. AB v. Regal Ent. Grp.*,
   No. 6:16-cv-927, 2017 WL 4229372 (E.D. Tex. Aug. 31, 2017) ............................... 9

*TeleSign Corp. v. Twilio, Inc.*,
   No. 2:16-cv-2106, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ............................... 6

*Valtrus Innovations Ltd. v. Google LLC*,
   No. 3:22-cv-066-L, 2025 WL 2076627 (N.D. Tex. Jul. 22, 2025) ............................. 7

*Woods v. DeAngelo Marine Exhaust Sys., Inc.*,
   692 F.3d 1272 (Fed. Cir. 2012) .................................................................................. 3

**Statutes**

35 U.S.C. § 284 ................................................................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 3

Defendants The Bank of New York Mellon Corporation and BNY Mellon, National Association (collectively, "BNY") respectfully move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Intellectual Ventures I, LLC and Intellectual Ventures II, LLC's (collectively, "IV") amended complaint for patent infringement for failure to state a claim upon which relief can be granted.

## I.     INTRODUCTION

IV's complaint fails to meet the Supreme Court's pleading standards in two independent ways. First, IV fails to identify the accused products in a manner that provides adequate notice of what BNY products or activities are alleged to infringe and instead improperly defines the accused products in a way that could encompass BNY's entire business. Second, IV fails to plead any facts that would allow a court to reasonably infer that BNY has engaged in patent infringement. IV's generic mapping of the patents' claim limitations to certain third-party software fails to refer to any BNY product, service, or conduct whatsoever, let alone plead facts that plausibly show that BNY has used the software in the specific manner called for by IV's mapping. Accordingly, the Court should dismiss IV's complaint in its entirety.

## II.    FACTUAL BACKGROUND

Defendant The Bank of New York Mellon Corporation is a global financial services company that traces its roots to The Bank of New York, founded in 1784 by Alexander Hamilton and others, and Mellon Financial Corporation, founded in 1870. Defendant BNY Mellon, National Association is a subsidiary of The Bank of New York Mellon. Defendants' financial

services include asset management, investment management, custody services, securities services, treasury services, wealth management, and financing.[1]

Plaintiffs Intellectual Ventures LLC and Intellectual Ventures II LLC are well-known patent licensing companies that acquire patents from different companies and assert them in litigation to generate licensing fees, as they do here. IV's amended complaint asserts that BNY infringes five patents—U.S. Patent Nos. 7,721,282, 7,712,080, 7,822,841, 8,352,584, and 8,332,844. Dkt. 10. at ¶ 1.

IV alleges that BNY's infringing products are "financial services and technologies ('Accused Systems and Services') thereof that infringe the Patents-in-Suit." Dkt. 10, ¶ 9. IV does not identify by name a single BNY "financial service" or "technology" that allegedly infringes the asserted patents, whether in the body of the complaint or in any of the exhibits. *See generally* Dkt. 10. Instead, IV asserts that BNY infringes because "BNY Mellon's services utilize systems, including but not limited to Kubernetes, Docker, Kafka, Spark, and Hadoop . . . to enable the financial products and services that it offers to its customers, employees, and/or other third parties." Dkt. 10, ¶ 10. Kubernetes, Docker, Kafka, Spark, and Hadoop are not BNY products; they are third party software products that other companies develop and sell.[2]

IV's complaint includes a claim chart for each asserted patent. The claim charts likewise do not identify any BNY product by name, nor do they map any BNY product to any claim limitation. Dkt. 10-7 at 3-23; Dkt. 10-8 at 3-12; Dkt. 10-9 at 3-33; Dkt. 10-10 at 3-48; Dkt. 10-

---

[1] *See* https://www.bny.com/corporate/global/en/solutions.html (accessed Sept. 2, 2025); https://www.bnymellon.com/content/dam/bnymellon/documents/content/at-a-glance-corporate-fact-sheet.pdf (accessed Sept. 2, 2025).
[2] *See* https://kubernetes.io/; https://www.docker.com/; https://kafka.apache.org/; https://spark.apache.org/; https://hadoop.apache.org/.

12 at 3-30. Instead, the claim charts map patent claim limitations to three third-party software products: Docker, Spark, and Kubernetes. Dkt. 10-7 at 3-23 (claim chart for the '282 patent and Docker); Dkt. 10-8 at 3-12 (claim chart for the '080 patent and Spark); Dkt. 10-9 at 3-33 (claim chart for the '841 patent and Kubernetes); Dkt. 10-10 at 3-48 (claim chart for the '584 patent and Kubernetes); Dkt. 10-12 at 3-30 (claim chart for the '844 patent and Docker). Each mapping solely relies on the third-party software's documentation and other publicly-available general descriptions of the third-party software. *Id.* Each claim chart also accuses "all … systems and services that operate in [a] substantially similar manner" as the charted third-party software. Dkt. 10-7 at 2, Dkt. 10-8 at 2; Dkt. 10-9 at 2; Dkt. 10-10 at 2; Dkt. 10-12 at 2.

### III.    LEGAL STANDARDS

Issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). Courts, however, apply the law of the regional circuit when deciding whether to grant a motion to dismiss under Rule 12(b)(6) in a patent case. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018) ("We review procedural issues, including the grant of a motion to dismiss, according to the law of the respective regional circuit[.]"). Fifth Circuit and Supreme Court authority therefore govern this motion.

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

3

U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, No. 3:20-cv-2875-D, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## IV.     ARGUMENT

The Court should dismiss IV's complaint in its entirety. First, IV's complaint fails to make out a plausible case of direct patent infringement because it does not sufficiently identify the BNY product or products that IV accuses of infringement. Second, IV's complaint fails to plead any facts that would allow a court to reasonably infer that BNY has engaged in direct patent infringement. And without direct infringement, IV's allegations of indirect infringement

4

and willful infringement—both of which require underlying allegations of direct infringement—also fail. Accordingly, BNY respectfully requests that the Court dismiss IV's complaint.

### A. IV Does Not Sufficiently Identify the Accused Products.

IV's complaint fails to state a claim because it does not sufficiently identify the products accused of infringement. Instead, IV appears to have accused BNY's entire product line of infringement. Such breadth of pleading fails to adequately put BNY on notice of which of its products allegedly infringe, and the Court should dismiss the complaint as a result.

"District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent-infringement plaintiff to identify an accused product by name in most cases such that the defendant is on notice of what specific conduct is alleged to constitute infringement." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-cv-243-H, 2020 WL 5500238, at *3 (N.D. Tex. Sept. 11, 2020). IV asserts direct infringement based on "the Accused Systems and Services … including, but not limited to, at least the Accused Systems and Services identified in the example [claim] charts." Dkt. 10 at ¶¶ 38, 51, 64, 77, 90. But IV's "including, but not limited to" language provides no notice of what additional products or services may be accused. IV's definition of "Accused Systems and Services" likewise fails to provide such notice because it potentially includes all of BNY's "financial services and technologies," which essentially could describe all of BNY's business. *Id.* at ¶ 9; *see Prism Techs., LLC v. AT&T Mobility, LLC*, No. 8:12-cv-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (accusing AT&T's "various wireless products and data services" of infringement was insufficient because it encompassed essentially AT&T's entire business); *Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 3:15-cv-1058, 2016 WL 903681, at *1, *4 (S.D. Cal. Feb. 8, 2016) (accusing "custom insoles" of infringement was insufficient because it "encompass[ed] essentially [defendant's] entire business" of "creat[ing] custom insoles").

5

Moreover, in each claim chart, IV accuses any systems and services "substantially similar" to those it describes in the claim chart. *See* § II. With such broad language, IV again fails to provide adequate notice of the accused products. *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-cv-1074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (Accusing "other similar products" with "substantially the same function," "way," and "result" is "unclear and ambiguous" and "fails to reasonably inform Defendant as to what devices, if any, are accused by this statement."); *TeleSign Corp. v. Twilio, Inc.*, No. 2:16-cv-2106, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (A "catch-all allegation" that accuses any "similar" technology "is clearly deficient."). Although IV later maps asserted claims to third-party software products Docker, Spark, and Kubernetes, these products are not the accused products. *See supra* § II. Instead, these products only "enable the financial products and services" from BNY that IV alleges infringe but fails to identify. Dkt. 10 at ¶¶ 10, 26. IV's identification of these components does not salvage its complaint. *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 4:19-cv-5784, 2020 WL 7392909, at *4 (N.D. Cal. Jul. 23, 2020) (rejecting the argument that "identification of an infringing component, alone, puts a defendant on notice of what actions or products serve as the basis for plaintiff's claims"). Because IV has failed to sufficiently identify the accused products, it has failed to state a claim.

### B.    IV Fails to Plead Facts That Plausibly Show Direct Infringement.

IV's complaint also is defective because it fails to plead facts that plausibly show direct infringement by BNY. IV's mapping of claim limitations to Docker, Spark, and Kubernetes is silent with respect to any BNY product, service, or activity. *See supra* § II. No mapping relies on any BNY documentation, BNY web page, BNY marketing materials, or other BNY-specific materials or facts. *Id*. Therefore, no mapping includes any factual support for: 1) whether BNY

6

uses any of the cited features of Docker, Spark, and Kubernetes; 2) whether BNY customizes those features or uses them "out of the box" (assuming it uses the alleged infringing components to begin with); or 3) whether BNY uses those features in a manner that matches IV's specific mapping of the claim limitations to those components (assuming it uses the alleged infringing components to begin with). IV's failure to plead any facts about BNY related to its direct infringement mapping is fatal to its complaint. *Iqbal*, 556 U.S. at 678 ("mere conclusory statements [] do not suffice") (citing *Twombly,* 550 U.S. at 555).

      IV's citations to LinkedIn profiles for the proposition that certain BNY employees use Docker, Spark, and Kubernetes does not save its pleading. *E.g*., Dkt. 10-7 at 2 (citing LinkedIn profiles, each purportedly of an "employee … who uses Docker"); Dkt. 10-8 at 2 (citing LinkedIn profiles, each purportedly of an "employee … who uses Spark"); Dkt. 10-9 at 2 (citing LinkedIn profiles, each purportedly of an "employee … who uses Kubernetes"). Alleging mere use of such products provides no factual support for any assertion that any of these employees have used any of the products in the allegedly infringing manner. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co*., 501 F.3d 1307, 1313 (Fed. Cir. 2007) (where the accused product had two modes, one of which was non-infringing, mere use of the accused product "does not necessarily infringe"). Moreover, courts often find reliance on LinkedIn profiles to be speculative. *See Valtrus Innovations Ltd. v. Google LLC*, No. 3:22-cv-066-L, 2025 WL 2076627, at *7 (N.D. Tex. Jul. 22, 2025) (rejecting the use of LinkedIn in creating connections to a venue); *DDC Tech., LLC v. Google LLC*, No. 3:22-cv-1263-B, 2023 WL 2518846, at *5 (N.D. Tex. Mar. 14, 2023) (rejecting assertions "based solely on the LinkedIn profiles of the entities' purported employees"); *Parus Holdings, Inc. v. Microsoft Corp*., No. 6:21-cv-570, 2022 WL 17420391, at *5 (W.D. Tex. Dec. 4, 2022) (determining the relevance of witnesses based on their LinkedIn

profiles is "far too speculative" and worth "little to no weight"). Furthermore, although each claim chart includes the same three bullet points alleging that BNY implements its services and systems "on private and/or public cloud(s)," IV does not tie those bullet points to any claim limitation or to any cited part of Docker, Spark, or Kubernetes. Dkt. 10-7 at 2; Dkt. 10-8 at 2; Dkt. 10-9 at 2; Dkt. 10-10 at 2; Dkt. 10-12 at 2. Those bullet points therefore do not factually support that BNY uses Docker, Spark, or Kubernetes in an allegedly infringing manner.

The Supreme Court's pleading standards require more—a pleading "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). IV has pleaded no facts upon which a court could reasonably infer that BNY's alleged use of Docker, Spark, or Kubernetes matches IV's specific mapping of the claim limitations to certain features of those components, as opposed to an alternate use of those components. IV's pleaded facts at most give rise to the "the mere possibility of misconduct," *id.* at 679, and therefore fail to state a claim for direct infringement. Accordingly, the Court should dismiss IV's direct infringement claims.

### C. IV Fails to Sufficiently Plead Indirect Infringement and Willful Infringement.

For each of Counts I-V, IV follows its assertion of direct infringement with assertions of indirect infringement (both induced infringement and contributory infringement) and willful infringement. Dkt. 10 at ¶¶ 41-45, 54-58, 67-71, 80-84, 93-102. Because IV failed to state a claim for direct infringement, it also failed to state a claim for indirect infringement and willful infringement.

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1272 (Fed. Cir. 2004); *see also In re Bill of Lading,* 681 F.3d 1323, 1333

8

(Fed. Cir. 2012) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement."). Because IV failed to state a claim for direct infringement, as established above, it necessarily failed to state a claim for indirect infringement. *Lemko Corp. v. Microsoft Corp.*, No. 3:22-cv-363-L, 2023 WL 11944548, at *8 (N.D. Tex. Sept. 28, 2023) ("Having determined that Plaintiff's direct infringement claims are insufficient as pleaded, the court agrees that Plaintiff's indirect infringement claims also fail ….").

Likewise, willful infringement first requires an act of direct infringement. *See T-Rex Prop. AB v. Regal Ent. Grp.,* No. 6:16-cv-927, 2017 WL 4229372, at *5 (E.D. Tex. Aug. 31, 2017), *report and recommendation adopted,* No. 6:16-cv-927, 2017 WL 4225441 (E.D. Tex. Sept. 22, 2017) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016) ("Under 35 U.S.C. § 284, *once infringement has been established,* the court 'may increase the damages up to three times the amount found or assessed.'")). Because IV failed to state a claim for direct infringement, it also necessarily failed to state a claim for willful infringement. The Court should dismiss these allegations as well. And because direct infringement, indirect infringement, and willful infringement are the only causes of action that IV pled in its complaint, the Court should dismiss IV's complaint in its entirety.

## V.  CONCLUSION

The Court should dismiss IV's amended complaint because IV fails to sufficiently identify the accused products and fails to state a plausible claim for relief.

Dated:  September 2, 2025                                           Respectfully submitted,

By:  */s/ Helena D. Kiepura*
Helena D. Kiepura (admitted *pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004

9

202.799.4000
helena.kiepura@dlapiper.com

Sean C. Cunningham (admitted *pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
202.799.4000
sean.cunningham@dlapiper.com

Robert Buergi (Texas Bar No. 24140916)
DLA Piper LLP (US)
845 Texas Ave., Suite 3800
Houston, TX 77002
713.425.8440
robert.buergi@dlapiper.com

Nan Lan (Texas Bar No. 24121711)
DLA Piper LLP (US)
1900 N Pearl St., Suite 2200
Dallas, TX 75201
214.743.4569
nan.lan@dlapiper.com

*Attorneys for Defendants The Bank of New York Mellon Corporation and BNY Mellon, National Association*

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2025, a copy of this document was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Helena D. Kiepura*
Helena D. Kiepura
